UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.

D-1    LAMONTE WATSON, JR.,
D-2    ISAAC DENEL MEEKS,
D-3    SHAWN RENARD SMITH,
D-4    TIMOTHY GRAYSON,
D-5    ANTONIO WATSON,
D-6    HANSEL WILLIAMS,
D-7    TERRANCE ALEXANDER,
D-8    VOURICE MEEKS,
D-9    DUANE WILLIAMS,
D-10  DAMICHAEL WASHINGTON,
D-11  TRENCE WOODS,
D-12  LEMETRIUS KNAPP,
D-13  ROQUAN WESLEY,

    Defendants.
_____/

Case No. 10-20388
Honorable Mark A. Goldsmith

## **OPINION AND ORDER CONCERNING DOCKET ENTRY NOS. 140, 141, 148, 157, & 162**

This matter is before the Court on the following motions:

1)    Defendant Terrance Alexander's "Motion for Notice Under the Rules 404(b) and 609 of the Federal Rules of Evidence" (docket entry (D.E.) 140).

2)    Defendant Terrance Alexander's "Motion and Demand for Disclosure of Exculpatory Evidence and Rule 16 Discovery Materials" (D.E. 141).

3)    Defendant Terrance Alexander's "Motion to Dismiss Count 1 of Indictment as Said Count is Duplicitous" (D.E. 148).

4)    Defendant Isaac Meeks's "Motion for Pretrial Production of Evidence Admissible to Attack the Credibility of Co-Conspirator Declarants Not to Be Called as Witnesses" (D.E. 157).

5)    Defendant Vourice Meeks's "Motion to Dismiss Court 26 of the First Superseding Indictment" (D.E. 162).

Numerous defendants joined in the above motions. See D.E. 146, 147, 151, 158, 160, 164, & 168. The Court held a hearing on November 23, 2010. After consideration of the motions and the arguments made at hearing, the Court rules as follows.

**Docket entries 140 & 141, 157**

At the hearing, the parties agreed to negotiate a timeline for the disclosure of the materials that are the subject of the "Motion for Notice Under the Rules 404(b) and 609 of the Federal Rules of Evidence" (D.E. 140), the "Motion and Demand for Disclosure of Exculpatory Evidence and Rule 16 Discovery Materials" (D.E. 141), and the "Motion for Pretrial Production of Evidence Admissible to Attack the Credibility of Co-Conspirator Declarants Not to Be Called as Witnesses" (D.E. 157). As the Court stated at the hearing, the Court will not rule on these motions at this time. They remain pending and are scheduled for a continued hearing on January 20, 2011 at 10:00AM. If the parties are able to stipulate to a resolution of these motions, they must file a proposed stipulated order at least one week before the date of the hearing.

**Docket entry 148**

With regard to Defendant Terrance Alexander's motion to dismiss Count 1 of the indictment as duplicitous (D.E. 148), the Court denies the motion.

Defendant Alexander argues that Count 1 of the indictment is duplicitous because it charges three conspiracies: a conspiracy to sell cocaine, a conspiracy to sell crack cocaine, and a conspiracy to sell heroin.[1] He contends that Count 1 creates the possibility of a non-unanimous

---

[1] Count 1 of the superseding indictment charges that Defendants "knowingly and intentionally combined, conspired, confederated and agreed together . . . to distribute and to possess with intent to distribute controlled substances, that is, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, commonly referred to as 'crack,' a Schedule II controlled substance; and, one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance in violation of Title 21, United States Code, Sections 846 and 841(a)(1)." D.E. 28 at 2-3.

jury verdict in violation of his constitutional rights because, for example, some jury members might vote to convict on the grounds that the object of the conspiracy concerned distribution and possession of heroin and others might vote to convict on the grounds that the object of the conspiracy concerned distribution and possession of cocaine.

However, the Sixth Circuit has considered and rejected just such an argument. "[T]he allegation, in a single count of conspiracy, of an agreement to commit several crimes is not duplicitous, as conspiracy itself is the crime." United States v. Dale, 178 F.3d 429, 431 (6th Cir. 1999). "A single conspiracy may have as its objective the distribution of two different drugs without rendering it duplicitous." United States v. Campbell, 279 F.3d 392, 398 (6th Cir. 2002). The Court is not aware of any reason (nor has Defendant Alexander provided any) to conclude that this binding precedent does not apply to this case. Accordingly, the motion is denied.

**Docket entry 162**

With regard to Defendant Vourice Meeks's motion to dismiss Count 26 of the first superseding indictment (D.E. 162), the Court denies the motion.

Count 26 of the superseding indictment charges Defendant Vourice Meeks with possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924. D.E. 28 at 15. Vourice Meeks argues that the count must be dismissed because there is no evidence suggesting that the firearm attributed to him was possessed "in furtherance of" a drug trafficking crime, as that phrase has been interpreted by the relevant caselaw. In particular, Vourice Meeks argues that because the firearm was found in one residence (where Meeks's then-fiancée told investigators that she and Meeks lived) and the relevant drugs were found in a separate residence (an apartment in which Vourice Meeks's mother was the primary occupant),

there is no evidence that the firearm was possessed "in furtherance of" any drug trafficking activities.[2]

The government responds that pretrial dismissal is not an available remedy. It argues that the indictment does not fail to state an offense, and that Defendant's argument that the evidence is insufficient to sustain the charge must decided by the jury. See D.E. 180 (response).

In reply, Vourice Meeks points to United States v. Ali, 557 F.3d 715 (6th Cir. 2009), in which the Sixth Circuit concluded that the defendant's pre-trial motion to dismiss the indictment was proper where "the defendant [argued] that as a matter of law the undisputed facts do not constitute the offense charged in the indictment." Id. at 720. Because the locations of the firearm and drugs and the facts related to their discovery are not in dispute, Vourice Meeks contends that he presents a similar situation to Ali.

The Court disagrees. As the Sixth Circuit has explained,

> Rule 12(b)(2) of the Federal Rules of Criminal Procedure permits a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue[,]" and Rule 12(b)(3)(B) permits a court "at any time while the case is pending . . . [to] hear a claim that the indictment or information fails to . . . state an offense." A motion under Rule 12 is therefore appropriate when it raises questions of law rather than fact.

Id. at 719 (citation omitted). In the Ali case, the motion to dismiss the indictment was proper because the only question was a legal one – whether the defendant's marriage was void ab initio under state law. Id. at 720. In contrast, in the present case, there is a possibility that facts relevant to the analysis could be elicited at trial. Although the facts concerning the proximity of

---

[2] The "relevant" drugs in this argument refer to the 35 grams of cocaine base and 24 grams of heroin found in his mother's residence. This is because the "drug-trafficking" activity charged in Count 26 specifically refers to Counts 24 and 25, which charge Vourice Meeks with possession with intent to distribute five or more grams of cocaine base and possession with intent to distribute heroin. D.E. 28 at 14. However, there was a small amount of cocaine base – approximately one gram – found in a different room in the same residence in which the firearm was found. See D.E. 162 at 4 (motion). To the extent that this might also be qualifying "drug trafficking" activity referenced in Count 26, Defendant Vourice Meeks makes the alternative argument that "relative proximity" between the drugs and the firearm is not sufficient. See D.E. 162 at 8-9.

the firearm and the drugs may be undisputed, as the government pointed out at argument, one could imagine other evidence – such as testimony from a cooperating witness that Vourice Meeks carried the found gun to every drug transaction he attended – that would be relevant on the issue whether Vourice Meeks possessed a firearm in furtherance of a drug trafficking crime. Accordingly, the Court cannot conclude that the motion to dismiss Count 26 presents a purely legal question. The motion is denied.

**Conclusion**

For the reasons explained above, the "Motion to Dismiss Count 1 of Indictment as Said Count is Duplicitous" (D.E. 148) is DENIED, and the "Motion to Dismiss Court 26 of the First Superseding Indictment" (D.E. 162) is DENIED. The following motions all REMAIN PENDING, subject to a continued hearing on January 20, 2011 at 10:00AM: (i) "Motion for Notice Under the Rules 404(b) and 609 of the Federal Rules of Evidence" (D.E. 140), ii) "Motion and Demand for Disclosure of Exculpatory Evidence and Rule 16 Discovery Materials" (D.E. 141), and iii) "Motion for Pretrial Production of Evidence Admissible to Attack the Credibility of Co-Conspirator Declarants Not to Be Called as Witnesses" (D.E. 157).

SO ORDERED.

Dated: December 30, 2010                    s/Mark A. Goldsmith
                                            MARK A. GOLDSMITH
                                            United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 30, 2010.

                                            s/Deborah J. Goltz
                                            DEBORAH J. GOLTZ
                                            Case Manager