UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC DENEL MEEKS,
    Petitioner,

Case No. 10-cr-20388-2
Hon. Linda V. Parker

vs.

UNITED STATES OF AMERICA,
    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S SECOND MOTION FOR RECONSIDERATION (ECF NO. 797) OF THE NOVEMBER 13, 2018 OPINION AND ORDER (ECF NO. 789)

Petitioner Isaac Denel Meeks ("Petitioner") was convicted on November 15, 2011 of one count of conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 & 841(a)(1), one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c).  (ECF No. 465.)  On September 21, 2017, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  (ECF No. 758.)  This Court denied his § 2255 motion on November 13, 2018.  (ECF No. 789.)  On December 6, 2018, Petitioner filed a motion for reconsideration of the Court's November 13, 2018 Opinion and Order denying his § 2255 motion.  (ECF No. 794).  This Court denied his motion for reconsideration on December 14, 2018.  (ECF No. 795.)  Presently before the

Court is Petitioner's second motion for reconsideration of the same, filed December 17, 2018. (ECF No. 797.)

The Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. LR 7.1(h)(3). The movant must not only demonstrate a palpable defect by which the court, the parties and other persons entitled to be heard on the motion have been misled, but also show that correcting the defect will result in a different disposition of the case. *Id.*

The Court is neither persuaded that Petitioner has demonstrated a palpable defect in denying his § 2255 motion nor that the resolution of such would garner a different result. Petitioner argues that the Supreme Court, in *Bailey v. United States*, 516 U.S. 137 (1995), required that "the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime" to "sustain a conviction under the 'use' prong of § 924(c)(1)." *Id.* at 509. This holding of *Bailey*, however, has since been superseded. *See United States v. Mackey*, 265 F.3d 457, 460-63 (6th Cir. 2001). *Mackey* explained:

> The amendment history of § 924(c) 'casts further light on Congress' intended meaning.' *Bailey v. United States*, 516 U.S. 137, 147, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The provision of § 924(c) that criminalizes "possession" of a gun "in furtherance of" certain crimes was added by

Congress in 1998 in response to the Supreme Court's decision in *Bailey*. That case concerned the prior version of the statute, which did not mention possession but criminalized using and carrying a firearm "during and in relation to" crimes of violence or drug offenses. 18 U.S.C. § 924(c)(1) (1994).

*Id.* Therefore, the Government's demonstration of "constructive possession" of the firearm in this case is sufficient to sustain a conviction under the current version of § 924(c)(1), which criminalizes "possession."

For this reason, Petitioner's second motion for reconsideration is denied.

Accordingly,

**IT IS ORDERED** that Petitioner's second motion for reconsideration (ECF No. 797) is **DENIED**.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: December 26, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 26, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>Case Manager