UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF
AMERICA,

    Plaintiff,

v.             Case No. 10-cr-20388-2
              Honorable Linda V. Parker

ISAAC DENEL MEEKS,

    Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(1) (ECF NO. 853)

On November 15, 2011, a jury found Defendant guilty of (Count 1) Conspiracy to Distribute and Possess With Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1); (Count 9) Possession With Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1); (Count 10) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(2); and (Count 11) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). (ECF No. 465.) On May 21, 2013, the Honorable Mark A. Goldsmith sentenced Defendant to concurrent terms of imprisonment of 121 months on Counts 1 and 9 and 10 years on Count 10, and a consecutive term of 60 months on Count 11. (ECF No. 647.) On February 19, 2016, this Court reduced Defendant's sentence to 180 months due to retroactive amendments to the

sentencing guidelines for drug cases.  (ECF No. 721.)  This matter is presently

before the Court on Defendant's Motion for Release Pursuant to 18 U.S.C.

§ 3582(c)(1)(A)(1).  (ECF No. 853.)  The Government responded to the motion

(ECF No. 866) and the Court held a hearing on December 2, 2020.

**APPLICABLE LAW & ANALYSIS**

A defendant may move for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a

failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or

"the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Further, under the statute, a court may reduce a defendant's term of

imprisonment (i) if it finds that extraordinary and compelling reasons warrant such

a reduction; (ii) if it finds that a reduction is consistent with applicable statements

issued by the Sentencing Commission; and (iii) after considering the factors set

forth in 18 U.S.C. Section 3553(a) to the extent they are applicable.[1]  18 U.S.C.

§ 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1105-08 (6th

Cir. 2020).  The defendant bears the burden of proving that "extraordinary and

---

[1] The Sentencing Commission's policy statement on compassionate release,
U.S.S.G. § 1B1.13, is not applicable where, as here, the imprisoned person files the
motion for compassionate release.  *United States v. Jones*, 980 F.3d 1098, 1111
(6th Cir. 2020).

2

compelling reasons" exist to justify release under the statute.  *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

Here, the Government does not dispute that Defendant properly exhausted all administrative remedies.  (*See generally* ECF No. 866.)  Nor does the Government dispute that Defendant is obese (BMI 33) and has high blood pressure (also known as hypertension).  (*Id.* at Pg. ID 13012, 13027-28.)  It is widely acknowledged, based on expert guidance, that there is a risk of serious outcomes for infected individuals who have certain underlying medical conditions such as obesity, and there may be such a risk for individuals who have high blood pressure. *People with Certain Medical Conditions*, CDC, https://perma.cc/A47K-LE3B. The Court finds that these medical conditions, combined with "the high risk of [COVID-19] transmission within congregate settings" such as detention facilities, *see Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional & Detention Facilities*, CDC, https://perma.cc/HN53-SRYJ, present an extraordinary and compelling circumstance warranting a sentence reduction.[2]

_____

[2] The Court finds it noteworthy that in previous cases before it, the Government has conceded that obesity, during the COVID-19 pandemic, constitutes an extraordinary and compelling reason to reduce a Defendant's sentence if the remaining considerations weigh in favor of such a decision. *See, e.g.*, Resp., *United States v. Culp*, No. 17-20737 (E.D. Mich. filed Aug. 4, 2020), ECF No. 34 at Pg. ID 165-66 ("Culp's medical records, however, confirm that he has obesity, which the CDC has identified as a risk factor for

During the hearing, Defendant stated that he contracted COVID-19 approximately two weeks prior and experienced aches, pains, as well as an inability to smell or taste.  In its supplemental brief, the Government contends that because Defendant did not develop serious illness after contracting the virus and the risk of reinfection is rare, Defendant cannot establish an extraordinary and compelling circumstance to justify his release.  (ECF No. 877 at Pg. ID 13058-59.) The Court is not persuaded.  Currently, the CDC does not understand the likelihood of reinfection, how often reinfection occurs, the severity of reinfection cases, or who might be at higher risk of reinfection.  *Reinfection with COVID-19*, CDC, https://perma.cc/BY7F-HCCV.  Because there is no scientific evidence from which the Court can conclude that Defendant cannot again contract the virus or that individuals with medical vulnerabilities face less risk of serious outcomes when reinfected, the fact that Defendant tested positive for COVID-19 once before does not militate against finding that an extraordinary and compelling circumstance exists.

The Government maintains that the § 3553(a) factors weigh against reducing Defendant's sentence.  The factors set forth in 18 U.S.C. § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the crimes;

---

Covid-19.  Given the heightened risk that Covid-19 poses to someone with obesity, Culp has satisfied the first eligibility threshold for compassionate release during the pandemic.").

due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him with any necessary correctional services and treatment. *See* 18 U.S.C. § 3553(a).

The Government emphasizes the circumstances of Defendant's instant offense in support of its assertion that he would endanger the community, pointing out that Defendant was charged with possessing over a pound of heroin. (ECF No. 866 at Pg. ID 13031.) But, according to the Presentence Report ("PSR"), Defendant was one of the "lower-level group of dealers" who worked for the lead defendant. (PSR ¶ 18.) In fact, the PSR states that "[Defendant] bought from [the lead defendant] but was not heavily involved in the conspiracy." (*Id.*) This appears to be corroborated by the fact that, despite beginning the surveillance of several of the conspirators in March 2010, Defendant "was not known to be a part of the conspiracy until May 2010"—approximately one month prior to his arrest for the instant offenses. (PSR ¶ 19.) And while the Court does not minimize the seriousness of this offense or any of Defendant's prior offenses, the Court notes that Defendant's gun-related convictions are based on possession and did not involve physical violence. (*See* PSR ¶¶ 20, 39.) The Court also finds significant the five-year gap between Defendant's last conviction and the offense for which he is currently incarcerated, and that his other convictions—which occurred 25, 28,

and 32 years ago respectively—were all misdemeanors.  (PSR ¶¶ 36-39.)
Defendant's criminal record and limited involvement in the conspiracy for which
he is currently incarcerated suggest that he is not a danger to the community.

Though Defendant has committed some disciplinary infractions while
incarcerated, he has taken drug education, keyboarding, and financial literacy
courses, and obtained his GED in 2019.  (*See* ECF No. 878 at Pg. ID 13076.)  He
also has significant support from his family, including three adult daughters—
Aasiyah, Sequana, and Shaniqua.  (ECF No. 863-5 at Pg. ID 13005-07.)  Aasiyah
represents that, if released, Defendant will live with her in Detroit, Michigan.
(ECF No. 863-5 at Pg. ID 13005.)  In addition, any risk posed by Defendant's
release can be mitigated by the conditions of his supervised release.

Thus, the Court finds that factors set forth in 18 U.S.C. § 3553(a) warrant a
reduction of Defendant's sentence.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for
Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1).  (ECF No. 853.)

The Court reduces Defendant's sentence to time served as of March 12,
2021.  The period of supervised release remains five years.

Defendant shall be released no later than March 12, 2021 and shall reside at
the residence of Aasiyah in Detroit, Michigan, where Defendant shall remain in

self-quarantine for 14 days.  Defendant shall notify the Probation Department for the Eastern District of Michigan within 24 hours of his arrival at his daughter's residence and is directed to follow the instructions of the assigned probation officer.

Upon his release from custody, Defendant will be subject to the same conditions of release imposed in his original sentence.  Upon entry of this Order, defense counsel shall immediately contact the Probation Department to coordinate and facilitate enforcement of Defendant's release conditions.

**IT IS FURTHER ORDERED** that Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (ECF No. 817) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Request for Relief Under the First Step Act (ECF No. 883) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

s/ Linda V. Parker_____
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 9, 2021

7